IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sean Lewis Adams,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | Criminal No. 4:21-cr-389-SAL<br>Civil No. 4:22-cv-3768-SAL<br><br>**OPINION AND ORDER** |

This matter is before the court on Petitioner's motion to vacate under 28 U.S.C. § 2255. [ECF No. 471.] Respondent filed a response in opposition and motion for summary judgment opposing the § 2255 petition. [ECF No. 496.] On December 21, 2022, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this court advised Petitioner of the motion for summary judgment, dismissal procedures, and the possible consequences if he failed to respond timely and adequately to Respondent's motion. [ECF No. 497.] Petitioner has not filed a response. For the reasons below, the court **GRANTS** Respondent's motion for summary judgment, ECF No. 496, and **DENIES** Petitioner's motion to vacate, ECF No. 471.

### BACKGROUND

On July 6, 2021, a federal grand jury returned a single-count indictment charging Petitioner with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). [ECF No. 2.] On January 20, 2022, pursuant to a plea agreement, Petitioner pleaded guilty as charged. [ECF Nos. 242, 267, 270.]

1

The United States Probation Office prepared a Presentence Investigation Report ("PSR"), which outlined Petitioner's charge, offense conduct, criminal convictions, and Guidelines pursuant to the United States Sentencing Guidelines (U.S.S.G.). [PSR, ECF No. 288.] The PSR provided for a based offense level of 30 based on Petitioner being held accountable for 7,327.25 grams of powder cocaine. PSR, ¶ 43. He received a two-level enhancement for the possession of a firearm and a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 29. PSR, ¶¶ 44, 50, 51, 52. With that total offense level and a criminal history category of II, the guideline imprisonment range was 120 to 121 months' imprisonment pursuant to a statutory minimum. [Recommendation, ECF No. 288-2 at 1.]

On February 16, 2020, Petitioner filed nine objections to the PSR, including that he qualified for the safety valve. [Addendum, ECF No. 288-1.] Petitioner's counsel, Jim Griffin, submitted a sentencing memorandum elaborating on his argument for the application of the safety valve provisions in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). [ECF No. 347.] In response, the government submitted a sentencing memorandum, arguing the safety valve provisions were not applicable in Petitioner's case. [ECF No. 353.]

On April 27, 2022, the court conducted a sentencing hearing, during which both sides argued extensively regarding the application of the safety valve to Petitioner's case. [ECF No. 447.] Petitioner's counsel argued to the court that "the critical issue at sentencing . . . is the safety valve issue[] . . . ." *Id.* at 5. During the hearing, the court heard testimony from DEA Special Agent Ron Kopec and from Sandra Williams, Petitioner's girlfriend. Ultimately, the court agreed with the government that the safety valve was not applicable as two of the five criteria for

application of the safety valve[1] had not been met. *Id.* at 66–67. The court did not apply the firearm enhancement, which lowered Petitioner's total offense level to 27 and resulted in a recommended sentence of 120 months' imprisonment based on the statutory mandatory minimum. *Id.* at 64, 68. The court imposed a sentence of 120 months' imprisonment, with a term of supervised release of five years. *Id.* at 80. Petitioner did not file a direct appeal.

---

[1] Under 18 U.S.C. § 3553(f), the court shall impose a sentence pursuant to the guidelines, without regard to any statutory minimum sentence only if:

(1) the defendant does not have—

  (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

  (B) a prior 3-point offense, as determined under the sentencing guidelines; and

  (C) a prior 2-point offense, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

On October 31, 2022, Petitioner filed a motion pursuant to § 2255, alleging ineffective assistance of counsel. [ECF No. 471.] The government filed a response in opposition and motion for summary judgment. [ECF No. 496.] Petitioner has not replied.

## LEGAL STANDARDS

**I.     Summary Judgment**

Summary judgment is appropriate where the pleadings, discovery, and disclosure materials show "that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). At the summary judgment stage, the court must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where resolution of a material issue of fact depends on a credibility determination, disposition by summary judgment is not appropriate. *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such sentence; or that the sentence exceeded the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. *Id.* (providing that a hearing is not

required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

A petitioner cannot ordinarily bring a collateral attack based on issues litigated on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), *cert denied*, 429 U.S. 863 (1976). That said, there is an exception to this rule when a petitioner can show an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342 (1974). The burden of showing a substantial constitutional deprivation is upon the petitioner in a habeas corpus proceeding. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938). Further, a petitioner must comply with the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104–132, 110 Stat. 1214 ("AEDPA"), which amended § 2255 to provide a one-year limitations period for the filing of § 2255 motions. *Hosey v. United States*, 518 F. Supp. 2d 732, 734 (D.S.C. 2007).

**II.    Ineffective Assistance of Counsel**

Petitioner's sole ground for relief is that he received ineffective assistance of counsel at sentencing. The Sixth Amendment right to counsel includes the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish a violation of the Sixth Amendment's guarantees based on the ineffective assistance of counsel, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Id.* at 694. A "strong presumption" exists that counsel's performance fell within a "wide range of reasonable professional assistance." *Id.* at 689. In addition, the "reasonable probability" contemplated by the second prong of this analysis is "a probability sufficient to undermine confidence in the outcome" of the trial. *Id.* at 694. When a court evaluates an attorney's performance under the *Strickland* standard, it must "eliminate the distorting effects of hindsight,

5

. . . reconstruct the circumstances of counsel's challenged conduct, and . . . evaluate the conduct from counsel's perspective at the time." *Id.* at 690.

## DISCUSSION

In his § 2255 motion, Petitioner raises a single ground—ineffective assistance of counsel—but within that ground he asserts multiple allegations of deficient representation, which the court recites verbatim below:

> Defense Attorney James Griffin, Griffin & Davis, LLC, Columbia, SC, failed to adequately represent Defendant at sentencing, see Lafler vs. Cooper, 566 US 156, 165 (2012); Strickland vs. Washington, 466 US 668, 686 (1984).
>
> Griffin waived meritorious objections on the mistaken belief that information presented under § 1B1.4 USSG and 18 USC §3661 would make no difference to sentencing exposure.
>
> Griffin also had a fundamental misunderstanding regarding the application of §5C1.2 USSG.
>
> . . . .
>
> In sentencing drug offenses, the court's reason for selecting sentence, quantity of drugs and weapons and nature of past or prior conduct is governed by §1B1.4 USSG.
>
> Acts and ommissions, in furtherance of the offense of conviction, is governed by §1B1.3.
>
> Defendant was convicted of conspiracy, under 21 USC § 846, which only requires proof of knowing and intentionally participating in an agreement or plan to commit a substantive drug crime under federal law.
>
> The regulatory violation does not require completion of substantive acts. Does not include an element of continuity.
>
> Griffin waived objection to the information provided in the PSR regarding the description of the offense of conviction that erroneously included substantive acts, as relevant conduct and related information for sentencing.
>
> The information considerable under §1B1.4 is distinct from information considerable under §1B1.3.

> Griffin did not understand these factors or the legal concept regarding "attempt and conspiracy" crimes. Griffin waived meritorious objections on the mistaken belief that the information would make no difference to sentencing exposure.
>
> Griffin's misunderstanding of law was quintessentially unreasonable, see US v. Carthorne, 878 F.3d 458 (CA4 2017), but for error, the results would be different.
>
> Defendant would have a substantially less sentence.
>
> Griffin also had a fundamental misunderstanding regarding the application of §5C1.2. Defendant was denied departure after the court determined his diclosure was untimely. §5C1.2(a)(5), 18 USC §3553(f)(5) provides that the information concerning offense of conviction or relevant conduct, must be truthfully provided, no later than time of sentencing hearing.
>
> Griffin failed to raise or argue for safety-valve relief. It was Griffin's responsibility to satisfy Defendant's burden of establishing eligibility for departure, failing to do so deprived Defendant of receiving a lower sentence.
>
> Sixth Amendment to the U.S. Constitution guarantees a criminal defendant the right to effective assistance of competent counsel. Deprivation of this right is a well recognized basis for relief under § 2255.

[ECF No. 471 at 4–5 (errors in original).]

**I.     Safety Valve**

The government disagrees with Petitioner's allegation that counsel "'failed to raise or argue for safety-valve relief[,]'" noting that allegation "is belied by the sentencing transcript that reflects several pages of testimony, argument, and consideration on this very issue." [ECF No. 496 at 3 (quoting ECF No. 471 at 5).] The government further argues Petitioner "has pointed to no evidence whatsoever, nor does the record contain any, to call his counsel's performance into question." *Id.* at 4. The court must agree. The record demonstrates that counsel raised the safety valve in objections to the PSR, a sentencing memorandum, and the sentencing hearing. And counsel offered argument as to why the safety valve applied to Petitioner's case and submitted evidence in support of his arguments at the sentencing hearing. *See* ECF No. 447. Contrary to Petitioner's

claim, the record shows counsel raised and argued the safety valve should apply to Petitioner, and Petitioner has offered no evidence to refute the record before the court. Consequently, Petitioner has failed to demonstrate either deficiency or prejudice as to this claim, and the government is entitled to summary judgment.

**II.    Other Claims**

As to Petitioner's other allegations of ineffective assistance of counsel, they pertain to objections Petitioner believes should have been pursued by counsel at sentencing. [ECF No. 471 at 4–5.] However, as pointed out by the government, "none of the other objections he raised could get him below the statutory minimum of 120 months that was in effect. As the Court concluded, there was no need to resolve objections that did not impact the guideline range." [ECF No. 496 at 4.] This previous finding by the court remains true. Even if Petitioner had demonstrated deficiency by counsel in failing to pursue certain objections, Petitioner's sentence was subject to a statutory mandatory minimum, rendering any objections, save the safety valve, of no effect to Petitioner's ultimate sentence. *Strickland*, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). Again, Petitioner has failed to set forth any evidence or support to counter these conclusions. The government is entitled to summary judgment.

For the reasons set forth above, the government is entitled to summary judgment on the claims raised in Petitioner's § 2255 motion. This conclusion is evident as a matter of law from the motion and the files and records of the case. Accordingly, the court will summarily deny the petition without holding a hearing. 18 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

**CONCLUSION**

Having found that Petitioner has failed to demonstrate either prong of *Strickland* as to the claims raised in his § 2255 motion, Petitioner's motion to vacate under 28 U.S.C. § 2255, ECF No. 471, is **DENIED**. Respondent's motion for summary judgment, ECF No. 496, is **GRANTED**. It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED.**

October 3, 2023  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."